7047.  MARTIN v. THE STATE.

WADE, J.  1.  Where an indictment charges the defendant with the wrongful and fraudulent taking and "carrying away, with intent to steal the same, certain money, five dollars in paper money, lawful currency of the United States, and five dollars in silver money, lawful currency of the United States, the personal property of Jerry Morehead," etc., and the evidence shows that five dollars in paper money, lawful currency of the United States, and sixty-five cents in silver money, lawful currency of the United States, were stolen from the person named in the indictment as owner, the proof was sufficient to establish the ownership as alleged.

2.  Exception is taken to the following charge:  "It [the State] is not obliged to prove the precise amount stated in the indictment, but some paper money, or some silver money, that was worth so much, stating what amount, or proof of what amount it was, and that it was the

property of Jerry Morehead, or that it was in his custody and control." As an abstract principle of law this charge was correct, and, in view of the court's certificate attached to this exception, which calls attention to the fact, shown by the record, that Jerry Morehead had already testified that "$5.65 in the glass, the amount of the beef money, was his, and again reiterated this statement on examination in rebuttal," this assignment of error is without substantial merit.

3. There was evidence to support the verdict, and the jury were authorized to find that there was no money stolen other than that of the owner named in the indictment; so this case does not conflict with the ruling made in *Riley* v. *State*, 1 *Ga. App.* 651 (57 S. E. 1031). ·

4. The trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed.*

DECIDED FEBRUARY 4, 1916.

Indictment for larceny; from Milton superior court—Judge Patterson. October 6, 1915.

*Howell Brooke,* for plaintiff in error.
*Herbert Clay, solicitor-general,* contra.